295 F.2d 203
 UNITED STATES of America, Appellee,
v.
CECILS LAND AND IMPROVEMENT COMPANY, Crystal Springs Homes, Inc., Highland Homes, Inc., Howard Aden Apartments, Inc., T. W. Cecil, Individually, P. S. Cecil, Jr., Individually, Cooper W. Cecil, Individually, Constance W. Cecil, Individually, Martha B. Cecil, Individually, and Floy C. Cecil, Individually, Appellants.
 No. 8433.
 United States Court of Appeals Fourth Circuit.
 Argued October 2, 1961.
 Decided October 9, 1961.
 
 T. Sam Means, Jr., Spartanburg, S. C., for appellants.
 James D. Jefferies, Asst. U. S. Atty., Greenville, S. C. (John C. Williams, U. S. Atty., Greenville, on the brief), for appellee.
 Before SOBELOFF, Chief Judge, and BRYAN and BELL, Circuit Judges.
 BELL, Circuit Judge.
 
 
 1
 Crystal Springs Homes, Inc., hereafter called Crystal, and Cecils, Inc., hereafter called Cecils, entered into agreements under the terms of which Cecils agreed to construct at cost to it, a number of apartment units on property belonging to Crystal. The project was financed by an FHA insured mortgage. Crystal overpaid Cecils some $218,000, which sum Cecils refunded to Crystal. On the same date Crystal loaned this money to a third corporation which had almost identical stockholders with both Crystal and Cecils.
 
 
 2
 Upon discovery of what had happened, the Federal Housing Commissioner objected on the grounds that the charter of Crystal and the regulations of the Federal Housing Administration prohibited the use of excess mortgage funds in this manner. The defendants herein then entered into a settlement agreement with the Commissioner under which they were to prepay some $55,000 on the mortgage and make certain improvements to the mortgaged property if the Commissioner would give up his contention that the entire amount of the $218,000 refund should be prepaid on the mortgage.
 
 
 3
 The defendants failed to comply with their agreement and this action was brought. The District Court ordered compliance, and with this we are in agreement.
 
 
 4
 The defendants contend that they have a right to abrogate this contract because the Internal Revenue Service took the position that the $218,000 paid to Cecils in excess of the terms of the agreements between the parties was income to Cecils and that the Internal Revenue Service and the Federal Housing Administration being part and parcel of the same Government — this inconsistent conduct relieves them of their obligation. We are not told why the Internal Revenue Service took the position that Cecils could earn a profit in spite of the terms of the agreements between the parties or how Cecils could have earned a profit if it repaid to Crystal the $218,000 which represented the difference between its costs and total contract payments, but we are told that the parties to that dispute compromised their differences prior to litigation. The Federal Housing Commissioner has not by his actions herein taken any position with respect to the tax consequences of the transaction to Cecils (which incidentally is not a party to this suit). He has simply acted upon the fact that the parties between themselves repaid the money to Crystal and that as far as Crystal was concerned the money represented mortgage proceeds.
 
 
 5
 There is no evidence of coercion in the conduct of the Commissioner. The Commissioner was properly interested in the disposition of these funds as insurer of Crystal's mortgage and was justified in using his position as a preferred stockholder in seeing to their proper application, Loftus v. Mason, 4 Cir., 240 F.2d 428, certiorari denied Shirley-Duke Apartments, Section 1, Inc. v. Mason, 353 U.S. 949, 77 S.Ct. 860, 1 L.Ed.2d 858. The settlement agreement was a valid contract between the parties and the subsequent and unrelated difficulties of Cecils are not legally relevant.
 
 The judgment of the District Court is
 
 6
 Affirmed.